# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH L. KLINE, an individual | |
| *Plaintiff*, | Case No.: 2:09-cv-02317-GMN-LRL |
| vs. | |
| | **ORDER** |
| JOHN JOSEPH BELLAVE and JOLENE BELLAVE, husband and wife; and SILVER STATE TRADING, INC., | |
| *Defendants*. | |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Judgment on the Pleadings (# 11). Defendants have not filed a response to this motion.

The Court has considered the pleadings offered by the parties. IT IS HEREBY ORDERED THAT Plaintiff's Motion for Judgment on the Pleadings (#11) is DENIED without prejudice and GRANTS leave to re-file the Motion clarifying the discrepancy in the amounts requested in the Motion and Complaint.

## BACKGROUND

On or about January 2007, Plaintiff opened a trading account with Peregine Financial Group ("PFG"). (Answer at pg.1, #7). Defendants, John Joseph Bellave and Jolene Bellave conducted business as Silver State Trading, Inc. ("Silver State"). (Amended Complaint ¶ 3 at pg. 1, #3). PFG is the guarantor of Silver State. (*Id.* at pg. 3). On August 7, 2007, Plaintiff mailed $9,700 to Silver State to invest in silver. (Complaint at pg. 10, #1). By the end of October 1, 2007 [sic, Complaint says 2006], only $3,000 was left in Plaintiff's account. (*Id.*)

Plaintiff filed a complaint with the Commodity Futures Trading Commission ("CFTC")

(Amended Complaint at pg. 3, #3).  On or about May 1, 2008, the CFTC concluded that Bellave and Silver State violated Section 4b(a) of the Commodity Exchange Act and ordered the Defendants to pay Plaintiff reparations of $9,700, plus interest on that amount at 1.63% compounded annually from August 4, 2007, to the date of payment, plus $125 in costs for the filing fee. (*Id.*)  This award was to be reduced by the amount that Plaintiff had received under her settlement with the Peregrine Financial Group. (*Id.*) According to the Defendants, this settlement was in the amount of approximately $3,300. (Answer at pg. 2, #7).  However, as disclosed with the Complaint (#1) the settlement amount was $2,000. (Stipulation to Dismiss Peregrine Financial Group, Inc. Pursuant to Rule 12.21, CFTC Docket No. 08-R007, Complaint #1 at pg. 33).

Defendants did not pay Plaintiff the amount stated in the CFTC's order. (Amended Complaint ¶ 4 at pg. 3, #3).  Plaintiff filed this suit on December 8, 2009 to collect the amount awarded to Plaintiff by CFTC's ruling from Defendants, naming Silver State Trading, Inc., John Joseph Bellave and Jolene Bellave as defendants. (Complaint #1).  The Answer was filed by Defendants on June 21, 2010. (Answer #7).  This Answer was late with regard to Silver State Trading, Inc. but timely for Defendants John and Jolene Bellave. Therefore, Default Judgment was entered by the Clerk on July 20, 2010 as to Silver State Trading, Inc. (Entry of Default, #12).   Plaintiff filed a Motion for Judgment on the Pleadings on July 19, 2010. (Motion for Judgment on the Pleadings #11).  Defendants did not timely respond.

## DISCUSSION

According to Fed. R. Civ. P. 12(c) "a party may bring a motion for judgment on the pleadings '[a]fter the pleadings are closed but within such time as not to delay the trial.'" *Goff ex rel. Estate of Torango v. Harrah's Operating Co., Inc.*, 392 F.Supp.2d 1244, (D.Nev., 2005) *citing Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 669 (9th Cir.1993).  "A motion for judgment on the pleadings is appropriate when the allegations in the complaint are deemed

true, and the moving party is entitled to judgment as a matter of law." *Id.*

Plaintiff alleges that the CFTC entered a default order against Defendants awarding Plaintiff reparations for Defendants' violation of Section 4b(a) of the Commodity Exchange Act. (Amended Complaint ¶ 4 at pg. 2, #3). The Commodity Exchange Act (CEA) regulates futures trading. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S. Ct. 1825 (1982). The Act was amended in 1974 and created the Commodity Futures Exchange Commission and assumed the regulatory and enforcement powers and was authorized to grant reparations to any person complaining of a violation of the CEA. *Id.* (The 1974 Act granted the CFTC plenary authority "to make and promulgate such rules and regulations as, in the judgment of the Commission, are reasonably necessary to effectuate any of the provisions or to accomplish any of the purposes of this chapter." 7 U.S.C. § 12a(5)). If a violation of the Act and damages are found, the Commission's order directs the offender to pay the amount of his damages. 7 U.S.C. § 18(e). An order directing payment can be enforced by the complainant in the federal district courts. 7 U.S.C. § 18(f).

The Plaintiff has alleged facts that if true entitle the Plaintiff to judgment as a matter of law. The Plaintiff has provided proof of the CFTC's order directing payment of reparations by Defendants. The Defendants do not deny the order in their Answer. The only issue from the pleadings is the amount of money the Defendants owe the Plaintiff. In Plaintiff's complaint she asks for the principal amount of $9,700, accrued interest from August 4, 2007 and costs expended in collecting the Order ($125 for CFTC filing fee and $350 for this suit). The Defendants claim that $3,300 has already been paid to the Plaintiff by PFG and that this amount should offset the CFTC's award. The default order of the CFTC says the same. ("This award . . . shall be reduced by the amount that [Plaintiff] has received under her settlement with the [PFG], the guarantor of Silver State.) (Amended Complaint at pg 3, #3). According to the Complaint (#1) the settlement amount paid by PFG was $2,000. (Stipulation to Dismiss Peregrine Financial

Group, Inc. Pursuant to Rule 12.21, CFTC Docket No. 08-R007, Complaint #1 at pg. 33). The Plaintiff has proved her damages via the CFTC order; however, there is a question as to how much reparations were paid to her by PFG.  Plaintiff has submitted proof that the reparations paid by PFG were $2,000; however, she does not account for this amount in her prayer for relief. As such, the Plaintiff is GRANTED leave to re-file this motion, clarifying the amount of damages she is owed by the Defendants.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Judgment on the Pleadings (#11) is DENIED without prejudice and Plaintiff is GRANTED leave to re-file this motion clarifying the amount of damages she claims in the Motion and Complaint.

DATED this 25th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE