# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH L. KLINE, ) | Case No.: 2:09-cv-2317-GMN-LRL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| JOHN JOSEPH BELLAVE and JOLENE ) | |
| BELLAVE; SILVER STATE TRADING, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

Before the Court is Plaintiff's Amended Motion for Judgment on the Pleadings (ECF No. 18) against Defendants John Joseph Bellave and Jolene Bellave. Defendants have not filed a response to this motion.

## BACKGROUND

On or about January 2007, Plaintiff opened a trading account with Peregrine Financial Group. (Answer pg.1, ECF No. 7.) Defendants, John Joseph Bellave and Jolene Bellave conducted business as Silver State Trading, Inc. ("Silver State"). (Amended Complaint ¶ 3 at pg. 1, ECF No. 3.) Peregrine is the guarantor of Silver State. (*Id.* at pg. 3.)

Plaintiff filed a complaint with the Commodity Futures Trading Commission ("CFTC"). (*Id.*) On or about May 1, 2008, the CFTC concluded that Bellave and Silver State violated Section 4(b)(a) of the Commodity Exchange Act and ordered the Defendants to pay Plaintiff reparations of $9,700, plus interest on that amount at 1.63% compounded annually from August 4, 2007, to the date of payment, plus $125 in costs for the filing fee. (*Id.*) This award was to be

reduced by the amount that Plaintiff had received under her settlement with the Peregrine Financial Group. (*Id.*) According to the Defendants, the Peregrine settlement was in the amount of approximately $3,300. (Answer pg. 2, ECF No. 7.) However, as disclosed with the original complaint (ECF No. 1) the settlement amount was actually $2,000. (*See* Stipulation to Dismiss Peregrine Financial Group, Inc. pursuant to Rule 12.21, CFTC Docket No. 08-R007, Complaint Ex. 2 pg. 26-35, ECF No. 1-2.)

Defendants failed to pay Plaintiff the amount stated in the CFTC's order. (Amended Complaint ¶ 4 at pg. 3.) Accordingly, Plaintiff filed this suit on December 8, 2009 against the remaining defendants Silver State Trading, Inc., John Joseph Bellave and Jolene Bellave as defendants. The Answer was filed by Defendants on June 21, 2010. (ECF No. 7.) This Answer was late with regard to Silver State Trading, Inc. but timely for Defendants John Joseph Bellave and Jolene Bellave. Therefore, Default Judgment was entered by the Clerk on July 20, 2010 as to Silver State Trading, Inc. (Entry of Default, #12).

Plaintiff then filed its first Motion for Judgment on the Pleadings on July 19, 2010. (ECF No. 11). Defendants did not timely respond. This Court denied Plaintiff's initial motion without prejudice because it was not clear from the motion and complaint what amount Plaintiff was seeking. (*See* Order, ECF No. 13.) Plaintiff filed the instant Amended Motion for Judgment on the Pleadings. (ECF No.18.)

## DISCUSSION

According to Fed. R. Civ. P. 12(c) "a party may bring a motion for judgment on the pleadings '[a]fter the pleadings are closed but within such time as not to delay the trial.'" *Goff ex rel. Estate of Torango v. Harrah's Operating Co., Inc.*, 392 F.Supp.2d 1244, (D.Nev., 2005) *citing Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 669 (9th Cir.1993). "A motion for judgment on the pleadings is appropriate when the allegations in the complaint are deemed true, and the moving party is entitled to judgment as a matter of law." *Id.*

Plaintiff alleges that the CFTC entered a default order against Defendants awarding Plaintiff reparations for Defendants' violation of Section 4b(a) of the Commodity Exchange Act. The Commodity Exchange Act (CEA) regulates futures trading. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S. Ct. 1825 (1982).  The Act was amended in 1974 and created the Commodity Futures Exchange Commission and assumed the regulatory and enforcement powers and was authorized to grant reparations to any person complaining of a violation of the CEA. *Id.* (The 1974 Act granted the CFTC plenary authority "to make and promulgate such rules and regulations as, in the judgment of the Commission, are reasonably necessary to effectuate any of the provisions or to accomplish any of the purposes of this chapter." 7 U.S.C. § 12a(5)).  If a violation of the Act and damages are found, the Commission's order directs the offender to pay the amount of his damages. 7 U.S.C. § 18.  An order directing payment can be enforced by the complainant in the federal district courts. 7 U.S.C. § 18d.

The Plaintiff has alleged facts that if true entitle the Plaintiff to judgment as a matter of law.  The Plaintiff has provided proof of the CFTC's Order directing payment of reparations by Defendants. The Defendants do not deny the Order in their Answer.  Plaintiff has amended her request for relief to specifically state the amount of $7,700.  This corresponds to the amount remaining unpaid after the original principal was reduced by the $2,000 settlement agreement with Peregrine.  Therefore, Plaintiff's motion for default is GRANTED.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 18) is **GRANTED**.  Plaintiff is awarded damages in the total amount of **$8,689.25.** This amount includes the principal amount of $7,700 plus interest at a rate of 1.63% which is $514.45.  Also included in the total amount of damages is the $125 filing fee incurred in filing her complaint with the CFTC and the $350 filing fee incurred in filing suit in federal district court.  Plaintiff is also allowed to file a Bill of Costs for any other reasonable costs she incurred

1 | in bringing this action.  The Bill of Costs must comply with Local Rules 54-1 through 54-15.

2 | DATED this 4th day of August, 2011.

_____
Gloria M. Navarro
United States District Judge